

FILED _____ LODGED
_____ RECEIVED _____ COPY

JUN 17 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF ARIZONA

| | |
|---|---|
| United States Of America,<br>Plaintiff,<br><br>V.<br><br>John Turscak,<br>(aka) "Stranger",<br>Defendant. | CR 23-2251-TUC-JAS (LCK)<br><br>EX PARTE<br>APPLICATION FOR<br>SUBSISTENCE ALLOWANCES |

COMES NOW, the Defendant, John Turscak, in a pro se capacity[1]. respectfully moves this Honorable Court for an Order authorizing monthly payments of $400.00 - funds in the amount already authorized by the Courts within this Circuit - necessary so that Mr. Turscak can effectively prepair for his defense. Specifically, Defendant needs to purchase several law books that CoreCivic does not make available through its Law Library Software Program, (e.g.) Federal Rules Of Evidence, Federal Rules Of Criminal Procedures, Black Laws Dictionary, Pro Se Guide to Legal Research and Writing, that must be

[1]. It is an entrenched principle that pro se filings "however inartfully pleaded" are held "to less stringest standards than formal pleadings drafted by experianced lawyers'" Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed. 2d 163 (1980)(per curiam)(quoting Haines v. Kerner,

purchased through Defendant's Commissary Account at: John Turscak #14098074 - #62236O4 Turscak. See United States v. Brugnara, 856 F.3d 1198,1210 (9th Cir. 2017).

Mr. Turscak also needs to pay for photo Copy Services of pertinant Case law for him to study and utilize in his trial defense stratigy, including Copies of his future submissions with this Honorable Court and to the Government as the local Rules instruct. Mr. Turscak will also need type writting Services, email and telephone access to Communicate with Standby Counsel and his team. Which, these Services can only be accessed via Commissary account purchases.

Moreover, Mr. Turscak is also in dire need of the requested subsistence allowances for religious practices. Defendant is a practicing Muslim and while housed in the FBOP, pursuant to 28 C.F.R § 548.20, he was provided with a religious diet that Consist Of pre-Cooked, shelf-stable "Halal" meals and pre-cooked side items, that are in Compliance with the dietary laws of the Islamic religion. Conflicting with these federal guidelines, Core Civic does not provide practicing Muslims with the Halal religious diet, and, instead, Halal food items must be purchased through the facilities inmate Commissary and, or through their approved religious vendors, known as a "Special Purchase" that is approved through (EX.H) Religious Services. Consequently, Defendant has lost over 10 pounds having no Choice to Switch from his FBOP approved Halal diet program to a non-religious diet that, falls way below FBOP nutritous guidelines (e.g.) no milk, dairy or fruit items served. This is inconsistant with Mr. Turscak's religion "Islam" and it imposes a substantial burden on his religious practices in violation of the

[1] Cont. 404 U.S. 519,520; Hamilton v. United States, 67 F.3d 761,764 (9th Cir. 1995). We are specifically directed to "Construe pro se pleadings liberally" Hamilton, 67 F.3d at 764. This duty applies equally to pro se motions and with special force to filings from pro se inmates". Id

Free Exercise of Religion Clause Which states in pertinant part:
"Prisoners have the right to be provided With food Sufficient to Sustain them in good health that Satisfies the dietary laws of their religion" [2].

See Ward v. Walsh, 1F. 3d 873,877 (9th Cir. 1993) (quoting McElyea v. Babbit, 833, F.2d. 196,198 (9th Cir. 1987). See also United States v. Sandoval, 812 F. Supp. 1156, 1993 U.S. Dist. LEXIS 2218 (D. Kan 1993) (Citing Pretrial Service Act 18 U.S.C. § 3152 et Seq., "authorizes provision for food to indigent persons during trial". Thus, Mr. Turscak needs assistance from this Honorable Court to authorize payment of funds for his necessities "Please".

Furthermore, Mr. Turscak respectfully request these funds pursuant to 18 U.S.C. § 3006A (e)(i) of the Criminal Justice Act, 18 U.S.C. § 3152 of the Pretrial Service Act, and, the disgretion of this Most Honorable and Compassinate Court. As mentioned above, the Services are absolute necessary for the duration of Mr. Turscak's impending trial, and, he is financially unable to obtain them. Mr. Turscak is an indigent defendant. See CJA 23 Finantial AFF. By Def. John Turscak, DKT No. 3. Therefore, to not grant his Application, Mr. Turscak's right of access to the Court Would infact be Very much So hindered by the lack of necessities he humbly seeks herein. See Lewis v.

[2]. So Your Honor is fully aware, Mr. Turscak has fully exhausted his administrative remedies With Core Civic On this issue and he is currently Working With the ACLU of Arizona to Compel Core Civic to Comply With 28 CFR § 548.20 and impliment a religiaus diet program for practicing Muslims like the FBOP and ADOC Which Could take years of litigation tied up in Civil Court. Thus, Defendant meets his burden under statute.

-3-

Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135 L.Ed. 2d 606 (1996), Bounds v. Smith, 430 U.S. 817, 825 97 S.Ct. 1996, 52 L.Ed. 2d. 72 (1977), and, he will be at a huge disadvantage, more so than he already is, representing himself against, not one, but "two" highly skilled professional AUSAs "fully equipt with unlimited resources to dismantle his entire defense. Unless this Honorable — Court covers his necessities so that he could at least learn to appreciate the possible consequences of mishandling these core functions and the AUSAs' superior ability to perform them, United States v. Kimmel, 672 F.2d 720, 721 (9th Cir. 1982), then his right to conduct his own defense will surely be deprived, Id.

Lastly, Mr. Turscak has been unable to confer with the lawyers for the Government. However, he strongly believes that in all fairness, given his poverty, and, living conditions in solitary confinement for the last six months, the Government would not oppose this Application.

WHEREFORE, this Honorable Court should find that extraordinary circumstances exist to justify granting Mr. Turscak's request under the provisions on which he relies, consistant with fundamental fairness and due process of law.

I, John Turscak, pro se Defendant in the above entitled case, hereby declares under the penalty of perjury that the foregoing is the whole truth to the best of my knowledge, understanding and belief.

RESPECTFULLY SUBMITTED this 28th day of May 2024.

John Turscak, Defendant