John Turscak, Reg. No. 14098-074
Central Arizona Florence
Correctional Complex (900/B-105)
P.O. Box 6300
Florence, AZ 85132

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　　Plaintiff,<br><br>Vs.<br><br>John Turscak,<br>(aka) "Stranger"<br>　　　　　Defendant. | CR 23-2251-TUC-JAS (LCK)<br><br>MOTION<br><br>CONTINUING PLEA DEADLINE<br>AND TRIAL |

COMES NOW the Defendant John Turscak in a pro se capacity, respectfully brings to this Honorable Courts attention the following with regards to the above entitled Motion.

First, and, as your Honor is fully aware. This Case is presently set for trial On August 20, 2024, plea deadline is August 2, 2024, and, an Ex Parte Motion Hearing On Defendants two pending motions (Docs. 37, 38) is set for July 17, 2024, at 2:00 p.m. before this Honorable Court. Therefore, it is expected that excludable delay Under Title 18, United States Code, §3161 (h)(7)(A) Will Occur as a result of these two Motions and an

an Order based thereon. The ends of Justice served by this continuance outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161 (h)(7)(A), (B)(i) and (iv).

More over, this Honorable Court should be made aware that, approximately 2 weeks ago, Defendant Mr. Turscak "at last" received the Governments discovery - protected disclosures "thum drive #2" from prior Counsel Laura Udall's "friend" Supervisor Marie Rolsfsmeier here at CoreCivic, that "mysteriously" just now showed up. That same week on a Friday, standby Counsel Mr. Hartzell had scheduled a visit so that he and Defendant could go over this discovery and so that he could show Mr. Turscak how to properly opporate his Court Ordered Computer. However, the Computer that has been in CoreCivic's staff possession was inopporable "All of a sudden" the screen was not working. Standby Counsel is currently shopping around to either get it repaired, if salvagable, or purchase a new computer.

As a result of Mr. Turscak's Computer being down, Mr. Hartzell happened to bring his own that day of the visit and very briefly was able to go over some of the Government's discovery. Where Defendant noticed alot of it is heavily redacted (prison file aside), and there are several items/documents obtained from the FBI not disclosed and are missing. Therefore, Mr. Turscak is in the process of submitting an informal request to the Government's attorneys listing the evidence/documents that are missing from its discovery and which documents remain redacted, as instructed by this Honorable Court to do. So that is underway and if Mr. Turscak's request can not be resolved informally then, he will have to file a formal Motion with the Court.

Lastly, Defendant Mr. Turscak would like for Your Honor to "please" bare in

-2-

mind, With regards to his pro se motion for subsistence allowance (Doc. 38), Core Civic's saying what it is willing to do and actually doing it is in comparrison to a Wino crashed out on a neiborhood park bench, he isn't budging for nobody. Prime example, prior Counsel's "friend" although she has promised to make copies of the federal Rules of Evidence she has yet to do so. She also claims that she is willing to make copies of case law but fails to add that Defendant will be charged a fee for this service like every other inmate. Adding to this strain, Standby Counsel's visits have been significantly cut down to approximately 45 minutes. Although he has requested 1 and 1/2 to 2 hrs his last two visits with Mr. Turscak have been cut short to only 45 minutes[1]. This is because according to prior Counsel's "friend" without a court order staff in Segregation can terminate a legal visit for any reason they wish. It doesn't matter if the attorney has scheduled for more time or not. Yet, when Your Honor considers the fact that General Population inmates receive 2 to 4 hrs of uninterupted visitation time with their attorneys in comparrison with Mr. Turscak's situation. It becomes very clear that such material difference imposes an atypical and significant hardship on the inmate- Mr. Turscak, in relation to the ordinary incidents of prison life and a court order should ensue. See Sandin V. Conner, 515 U.S. 472, 484-85, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

---

[1] It should be noted that it takes Mr. Turscak roughly 15-20 minutes to receive clearence from his segregation unit to the attorney room.
Also, prior Counsel Laura E. Udall never had any visitation problems as such thanks to her "friend", now Mr. Turscak and Mr. Hartzell are being harassed.

-3-

As it is evident that these are all harassment tactics designed to discourage Mr. Turscak from exercising his right to represent himself.

In light of these difficulties and the hardship that Defendant Mr. Turscak is faced with, and, the fact that the Government has stated NO position On either of his two Motions, giving this Honorable Court Complete discretion in this matter Your Honor is urged to GRANT Mr. Turscak the Subsistence allowance that he is in need Of. Accordingly, Mr. Turscak Simply reiterates his position as stated in his papers.

Nevertheless, for the reasons set forth herein, failure to grant a Continuance for at least 90 days would most likely result in a Miscarriage of Justice if Defendant is required to go to trial On the present trial date.

RESPECTFULLY SUBMITTED this 8th day of July 2024.

John Turscak, Defendant In Pro Se

_John Turscak (signature)_

-4-

## PROOF OF SERVICE

On this ___ day of July 2024, I, John Turscak, Pro Se Defendant in this action, hereby declares under the penalty of perjury that I placed into the Care of Standby Counsel - attorney Mr. Hartzell - a handwritten Original of the foregoing; "Motion Continuing Plea Deadline and Trial" to be filed with the Clerk of the United States District Court for the District of Arizona, and, that filed Copies be sent to the Government and the Defendant.

John Turscak, Defendant