Rachel Love, Bar No. 019881
Dana M. Keene, Bar No. 036619
Shannon L. Knorr, Bar No. 032112
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
rlove@strucklove.com
dkeene@strucklove.com
sknorr@strucklove.com

*Attorneys for CoreCivic*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| United States of America, | NO. CR-23-02251-001-TUC-JAS (LCK) |
|---|---|
| Plaintiff, | **CORECIVIC'S RESPONSE TO DEFENDANT'S SECOND MOTION FOR STATUS CONFERENCE (DKTS. 69, 70)** |
| v. | |
| John Turscak, | |
| Defendant. | |

In accordance the Court's Order at Dkt. 70, CoreCivic responds to Defendant's Second Motion for Status Conference. (Dkt. 69.)  Defendant's allegation that CoreCivic's Central Arizona Detention Center ("CAFCC") is denying him access to his discovery laptop computer, electronic discovery flash drive, writing materials, and legal research resources is without merit. Likewise, Defendant's allegation that any assertion by CoreCivic that he lent his discovery laptop computer to another inmate is false and an impossibility because of security protocols that prohibit such ability.  (Dkt. 69 at 1-2.)

For the reasons set forth below and set forth in CoreCivic's Amended Response to Defendant's Motion Requesting an Order Directing CoreCivic to Allow Defendant Access to Legal Supplies and Other Tools to Prepare a Defense (Dkt. 63), this Court should deny Defendant's Motions at Dkts. 57, 69. CoreCivic permits Defendant constitutionally sufficient access to legal resources and access to courts. *See Lewis v. Casey*, 518 U.S. 343,

1   350 (1996); *Turner v. Safley*, 482 U.S. 78, 89-90 (1987); *Mauro v. Arpaio*, 188 F.3d 1054,

2   1058 (9ᵗʰ Cir. 1999).  Defendant also fails to disclose to the Court the true story of what

3   occurred regarding the short period of time during which he did not have access to his

4   discovery laptop.

5   **Defendant's Allegations of Denial of Access to Legal Resources Are Without Merit**

6        On December 24, 2025, CoreCivic, through CAFCC Warden Kline, outlined for this

7   Court, Defendant Turscak's actual access to legal property, legal supplies, legal resources,

8   a discovery laptop computer, and his criminal case electronic discovery flash drive. (*See*

9   Dkt. 63 & 63-1; *see also* Decl. of Warden K. Kline at ¶ 4, attached hereto as Ex. 1.)  Fifteen

10  days later, Defendant committed security breaches that implicated the very security

11  concerns advanced by CoreCivic regarding Defendant's request that he be permitted in-cell

12  access to his discovery laptop computer and electronic discovery utilized in this case. (Ex.

13  at ¶ 5.)

14       Use of the discovery laptops at CAFCC by United States Marshal Service detainees

15  to review criminal case electronic discovery is not permitted in-cell to prevent detainees

16  from compromising or altering the computers to destroy or damage them; to prevent

17  detainees from compromising or altering the computers to fashion parts into a weapon or to

18  utilize power cords as a ligature; and to prevent detainees from attempting to misuse the

19  laptops, as has happened in the past where a detainee utilized a discovery laptop in-cell and

20  took photos/video of staff, and participate in other unauthorized conduct. (*Id*. at ¶ 6.)  This

21  process allows for CAFCC staff to ensure that detainees have access to court-ordered

22  electronic discovery access while simultaneously allowing CAFCC staff to ensure these

23  computers are not compromised by detainees, and do not at any time permit internet access

24  or download, transfer or sharing capabilities.  (*Id*. at ¶ 7.)

25       Ongoing investigation commencing on January 15, 2025, has revealed that on

26  January 8, 2025, after utilizing his discovery laptop computer and electronic discovery flash

27  drive in the RHU enclosure located in the dayroom of the pod (in accordance with permitted

28  operations), Defendant deliberately concealed the laptop computer in order to take it back

1    to his cell and conceal it in his cell - conduct strictly prohibited as detainees are not

2    permitted to possess discovery laptops in their cells for safety and security reasons described

3    above. (*Id*. at ¶ 8.) Thereafter, on January 11, 2025, he was able to transfer the laptop

4    computer to another detainee's cell, undetected.  (*Id*. at ¶ 9.)

5         On January13, 2025, Detainee Turscak's discovery laptop computer, power cord,

6    and electronic discovery flash drive were discovered concealed in the other detainee's cell.

7    (*Id*. at ¶ 10.) Further investigation reveals that the discovery laptop computer's camera

8    system had been enabled and utilized after being prohibitively concealed and taken by

9    Defendant from the RHU enclosure.  (*Id*. at ¶ 11.)  Based upon Defendant's conduct that

10   violates facility rules and compromises facility safety and security, he was transferred to

11   CAFCC's second Restricted Housing Unit in order to remove him from the housing location

12   where his prohibited conduct occurred and to separate him from proximity to the detainee

13   to whom he transferred the laptop computer, power cord, and electronic discovery flash

14   drive.  (*Id*. at ¶ 12.)

15        At Defendant's new RHU housing location, he has access to legal supplies

16   previously approved by Warden Kline and provided by his Advisory Counsel, Thomas

17   Hartzell, which exceed property normally permitted possession by RHU detainees. (*Id*. at ¶

18   13.) The additionally approved property items include access to manila file folders, yellow

19   highlighters, two different types of envelopes, Uniball ballpoint ink pens, correction tape,

20   and printer paper.  (*Id*. at ¶ 14.)  He also continues to have access, upon request, to RHU

21   Law Library resources that include hard-copy resources (including Black's Law Dictionary

22   and the Pro Se Guide to Legal Research and Writing), electronic legal research, caselaw,

23   state and federal statutes, rules, and regulations via kiosk/tablet access. (*Id*. at ¶¶ 15-16.)

24        The RHU housing pod to which Defendant is currently assigned also has tablets

25   available for detainee check out and use within the housing unit. (*Id*. at ¶ 17.) There are

26   currently 44 detainees housed in Defendant's current housing location with shared access

27   to 7 tablets. (*Id*. at ¶ 18.)  He remains approved to use the shared tablets and may simply

28   ask unit staff for tablet time, subject to availability and sharing among other detainees who

1   also request access. (*Id*. at ¶ 19.) Thus, Defendant has daily access, if he wishes, to tablet

2   time to conduct legal research utilizing an abundance of  electronic database of legal

3   resources. (*Id*. at ¶¶ 20, 16.)

4          Defendant's access to his discovery laptop computer and electronic discovery flash

5   drive have been restored following a reasonable and temporary disruption caused by

6   Defendant's misconduct and the ensuing (and ongoing) investigation. Specifically, in

7   conjunction with the investigation into Defendant's January 2025 concealment and

8   transport of the discovery laptop computer to his cell and then to another detainee's cell,

9   the hard drive and software on the computer have been analyzed to determine that the laptop

10  hard drive and software have not been altered or new software added. (*Id*. at ¶ 21.) On

11  February 3, 2025, unauthorized content discovered on discovery laptop was removed, in the

12  presence of Detainee Turscak. (*Id*. at ¶ 22.) Also on February 3, 2025, and in accordance

13  with constitutionally permitted legal mail/property handling/processing and in order to

14  ensure that the electronic discovery flash drive had not been altered to add prohibited

15  content, the contents were visually scanned only (not read) in the presence of Defendant,

16  facility IT staff, and an additional correctional staff witness. (*Id*. at ¶ 23.) *See Nordstrom

17  v. Ryan*, 856 F.3d 1265, 1272 (9th Cir. 2017) (constitutionally permitting cursory visual

18  inspection of inmate legal mail for contraband and prohibited content).

19          The short time period of restriction on Defendant's access to and use of the discovery

20  laptop was legitimately necessitated by the ongoing investigation process and determination

21  of the appropriate means by which to restore his access to the laptop computer and his

22  electronic discovery, while also serving CoreCivic's legitimate penological interest of

23  maintaining facility safety and security and attending to the ongoing investigation of

24  Defendant's misconduct. (*Id*. at ¶ 24.) *See also, Turner,* 482 U.S. at 89-90; *Mauro v. Arpaio*,

25  188 F.3d at 1058–59. Moreover, during this limited and legitimate short time period,

26  Defendant had access to his legal property, legal supplies, law library/kiosk/tablet legal

27  research/resource items, and his advisory counsel, and thus had alternative means of legal

28  access. *See id; see also* Dkts. 69, 71.

1        Finally, and importantly, as of February 5, 2025, Defendant has not requested access

2   to the discovery laptop and electronic discovery review, thus illustrating the meritless

3   character of his inaccurate allegations of restriction and denials.[1] (Ex. 1 at ¶ 25.) As

4   illustrated, Defendant is not being denied access to legal supplies, legal resources, the

5   discovery laptop, his electronic discovery flash drive, or his advisory legal counsel. (*Id.* at

6   ¶ 26.) "Because *Bounds* did not create an abstract, freestanding right to a law library or

7   legal assistance, an inmate cannot establish relevant actual injury simply by establishing

8   that his prison's law library or legal assistance program is subpar in some theoretical sense."

9   *Lewis*, 518 U.S. at 350.

10        Based upon the foregoing and as established and argued at Dkt. 63, this Court should

11   reject Defendant's allegations of inappropriate denial of legal access and deny any request

12   for relief as against CoreCivic.[2] *See Lewis*, 518 U.S. at 350; *Turner*, 482 U.S. at 89-90;

13   *Mauro*, 188 F.3d at 1058.

14

15        DATED this 6th day of February, 2025.

16                                   STRUCK LOVE BOJANOWSKI & ACEDO, PLC

17

18                            By    /s/ Rachel Love

19                                Rachel Love
                             Dana M. Keene

20                                Shannon L. Knorr
                             3100 West Ray Road, Suite 300

21                                Chandler, Arizona 85226

22                                *Attorneys for CoreCivic*

23

24        [1] Defendant's current housing location provides one enclosure for detainees to
utilized while reviewing electronic discovery on discovery laptops and Defendant is not

25   deprived of appropriate access to the same.

26        [2] Before asserting a claim for violation of constitutional rights regarding conditions
of confinement, detainees are required to exhaust facility administrative remedies prior to

27   filing suit as required by the Prison Litigation Reform Act, 42 § U.S.C. 1997e(e). CoreCivic
preserves this defense and asserts that Defendant should not be permitted to sidestep the

28   exhaustion requirement in acting for relief against CoreCivic here.

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on February 6, 2025, I electronically transmitted the attached
document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

3

Notice of Electronic Filing to the following CM/ECF registrants:

4

Matthew Colson Cassell

5

Rui Wang
US Attorneys Office - Tucson, AZ
405 W Congress St., Ste. 4800

6

Tucson, AZ 85701-4050
matthew.cassell@usdoj.gov

7

rui.wang@usdoj.gov

8

*Assistant U.S. Attorneys*

9

Thomas Scott Hartzell
TS Hartzell Attorney at Law

10

325 W Franklin St., Ste. 103
Tucson, AZ 85701

11

tshartzell@tshartzell.com

12

*CJA Appointment for Defendant*

13

I hereby certify that on this same date, I served the attached document by U.S. Mail,
postage prepaid, on the following, who is not a registered participant of the CM/ECF

14

System:

15

John Turscak, No. 14098-074
Central Arizona Florence Correctional Complex

16

P.O. Box 6300
Florence, AZ. 85132

17

*Defendant Pro Se*

18

19

/s/ Rachel Love

20

21

22

23

24

25

26

27

28

6