# EXHIBIT 1

# Declaration of Warden K. Kline (w/Attachments 1-2)

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | NO. CR-23-02251-001-TUC-JAS (LCK) |
| Plaintiff, | |
| v. | **DECLARATION OF WARDEN K. KLINE** |
| John Turscak, | |
| Defendant. | |

I, K. Kline, make the following Declaration:

1. I am over the age of 18 years and competent to testify to, and have personal knowledge of, the matters set forth in this Declaration. If called to testify, I could and would testify as follows.

2. I am the Warden of CoreCivic's Central Arizona Florence Correctional Complex ("CAFCC"), located in Florence, Arizona.

3. The statements made in this Declaration are based upon my personal knowledge, information provided to me by CAFCC staff, and review of the relevant records, which are maintained in the regular course of business at CAFCC.

4. On December 24, 2025, I submitted a Declaration to this Court explaining United States Marshal Service ("USMS") Detainee John Turscak's access to legal property, legal supplies, legal resources, a discovery laptop computer, and his criminal case electronic discovery flash drive. (Dkt. 63-1 at 2-31.)

5. Since the submission of my previous Declaration and consistent with security concerns previously communicated regarding Detainee Turscak's access to certain legal

1

1  supplies and the laptop computer he uses to review electronic discovery in his criminal
2  matter, Detainee Turscak has committed security breaches.

3      6.     Use of the discovery laptops by USMS detainees to review criminal case electronic discovery is not permitted in-cell to prevent detainees from compromising or altering the computers to destroy or damage them; to prevent detainees from compromising or altering the computers to fashion parts into a weapon or to utilize power cords as a ligature; and to prevent detainees from attempting to misuse the laptops as has happened in the past where a detainee utilized a discovery laptop in-cell and took photos/video of staff and participate in other unauthorized conduct. (Dkt. 63-1, p. at 14, ¶ 77.)

7.     This process allows for CAFCC staff to ensure that detainees have access to court-ordered electronic discovery access while at the same time allowing CAFCC staff to ensure that the computers utilized are not compromised by detainees, and do not at any time permit internet access or download, transfer or sharing capabilities. (Dkt. 63-1, p. at 14, ¶ 78.)

8.     Ongoing investigation commencing on January 15, 2025, has revealed that on January 8, 2025, after utilizing his discovery laptop computer and electronic discovery flash drive in the Restricted Housing Unit ("RHU") enclosure located in the dayroom of the pod (in accordance with permitted operations), Detainee Turscak deliberately concealed the laptop computer in order to take it back to his cell and conceal it in his cell - conduct strictly prohibited as detainees are not permitted to possess discovery laptops in their cells for safety and security reasons described above.

9.     Thereafter, on January 11, 2025, Detainee Turscak was able to transfer the laptop computer to another detainee's cell, undetected.

10.     On January 13, 2025, Detainee Turscak's discovery laptop computer, power cord, and electronic discovery flash drive were discovered concealed in the other detainee's cell.

1    11.    Further investigation reveals that the discovery laptop computer's camera
2    system had been enabled and utilized after being prohibitively concealed and taken from
3    the RHU enclosure.
4    12.    Based upon Detainee Turscak's conduct that violates facility rules and
5    compromises facility safety and security, he was transferred to CAFCC's second Restricted
6    Housing Unit in order to remove him from the housing location where his prohibited
7    conduct occurred and to separate him from proximity to the detainee to whom he transferred
8    the laptop computer, power cord, and electronic discovery flash drive.
9    13.    At Detainee Turscak's new RHU housing location, he maintains access to
10   legal supplies previously approved by me and provided by his Advisory Counsel, Thomas
11   Hartzell, which exceed property normally permitted possession by RHU detainees.
12   14.    Specifically, and as reported in my previous Declaration, the additionally
13   approved property items include access to manila file folders, yellow highlighters, two
14   different types of envelopes, Uniball ballpoint ink pens, correction tape, and printer paper.
15   (Dkt. 63-1, p. at 7, ¶ 34.)
16   15.    He also continues to have access, upon request, to RHU Law Library
17   resources that include hard-copy resources (including Black's Law Dictionary and the Pro
18   Se Guide to Legal Research and Writing), electronic legal research, caselaw, state and
19   federal statutes, rules, and regulations via kiosk/tablet access.  (Dkt. 63-1, p. at 10, ¶ 52.)
20   16.    Likewise, he maintains access, upon request, to use of the RHU Law Library
21   kiosk/tablet system provided through LexisNexis, which includes the following resources:

| Arizona | Federal |
|---|---|
| • AZ Court of Appeals Published Cases from 1965 | • US Supreme Court Cases, Lawyers' Edition |
| • AZ Supreme Court Published Cases from 1866 | • All 9th Circuit Cases |
| | • All Federal Cases |
| • AZ Annotated Revised Statutes | • United States Code Service – Titles 1 through 54 |
| • AZ Constitution | |
| • AZ Local, State & Federal Court Rule | • Constitution of the United States |

3

- USCS – Federal Rules Annotated (which includes the Federal Rules of Evidence and Federal Rules of Criminal Procedure)

**Other Secondary Sources**
- Ballentine's Law Dictionary, 3rd Edition
- Ninth Circuit Criminal Handbook
- Constitutional Rights of Prisoners, Ninth Edition
- Criminal Constitutional Law
- Criminal Law Advocacy
- Criminal Law Deskbook
- Federal Habeas Corpus Practice and Procedure
- Civil Rights Actions
- Moore's Federal Practice – Criminal

(Dkt. 63-1, p. at 10, ¶ 53.)

17. The RHU housing pod to which Detainee Turscak is currently assigned also has tablets available for detainee check out and use within the housing unit.

18. There are currently 44 detainees housed in Detainee Turscak's current housing location with shared access to 7 tablets.

19. Detainee Turscak remains approved to use the shared tablets and may simply ask unit staff for tablet time, subject to availability and sharing among other detainees who also request access.

20. Thus, Detainee Turscak has daily access, if he wishes, to tablet time to conduct legal research utilizing the electronic database of legal resources referred to in Paragraph 16, above.

21. In conjunction with the investigation into Detainee Turscak's January 2025 concealment and transport of the discovery laptop computer to his cell and then to another detainee's cell, the hard drive and software on the computer have been analyzed to

4

determine that the laptop hard drive and software have not been altered or new software added.

22.     On February 3, 2025, unauthorized content discovered on discovery laptop was removed, in the presence of Detainee Turscak. (*See* Attachment 1, Incident Statement dated February 3, 2025, attached hereto).

23.     Also on February 3, 2025, and in accordance with constitutionally permitted legal mail/property handling/processing and in order to ensure that the electronic discovery flash drive had not been altered to add prohibited content, the contents were visually scanned only (not read) in the presence of Detainee Turscak, facility IT staff, and an additional correctional staff witness. (*Id.*)

24.     The short time period of restriction on Detainee Turscak's access to and use of the discovery laptop was necessitated by the ongoing investigation process and determination of the appropriate means by which to restore Detainee Turscak's access to the laptop computer and his electronic discovery, while at the same time maintaining facility safety and security and attending to the ongoing investigation regarding Detainee Turscak's misconduct.

25.     As of February 5, 2025, Detainee Turscak has not requested access to the discovery laptop and electronic discovery review.[1] (*See* Attachment 2, Laptop/Discovery Memorandum signed by Detainee Turscak dated 2/3/25, attached hereto.)

26.     Detainee Turscak is not being denied access to legal supplies, legal resources, the discovery laptop, his electronic discovery flash drive, or his advisory legal counsel.

27.     CAFCC provides its detainees with a grievance procedure to address conditions of confinement claims that is required by the Prison Litigation Reform Act to be timely utilized to the highest level of appeal before filing suits regarding conditions of confinement.

---

[1] Defendant's current housing location provides one enclosure for detainees to utilized while reviewing electronic discovery on discovery laptops and Defendant is not deprived of appropriate access to the same.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 6, 2025, in Florence, Arizona.

<u>Electronic approval provided this same date</u>
K. KLINE

# ATTACHMENT 1
## To Declaration of Warden K. Kline

5-1C

# INCIDENT STATEMENT

| Facility | Central Arizona Florence Correctional Complex | Incident Number | |
|---|---|---|---|
| Incident Date | 02/03/2025 | Incident Time (HRS) | 1045 |

| Person Name | ID Number (Employee #/Inmate #/Civilian ID) | Person Type (Employee/Inmate/Civilian) | Person Role (Witness or Participant) |
|---|---|---|---|
| C■ McCarty | ■ | Employee | Participant |

| Housing Location (For Inmates/Residents Only) | Main RHU Cell 124 |
|---|---|

**Based on your own knowledge, what did you see, hear, and do?**
On 2-3-25 at approximately 1045 in Main RHU, I Technology Specialist C■ McCarty and Assistant Warden C■ Cordova issued inmate John Turscak his court ordered laptop and had him sign the inmate acknowledgment form. I advised the inmate that there were ■■■ on his laptop that needed to be deleted; with the permission of inmate Turscak ■■■ from the laptop. End of report

**Did you receive any injuries? YES or NO (If YES, Explain Below)** No

**Were you evaluated by medical? YES or NO** No

| Printed Name: | C■ McCarty | | Date: | |
|---|---|---|---|---|
| Signature: | | | Date: | |
| Typed By: | C■ McCarty | | Date: | 02-03-2025 |

This section to be completed by CCA staff if the civilian/other or inmate/resident refused to complete the 5-1C.

Place an "X" in the appropriate box:

| | Inmate/Resident refused to complete this 5-1C |
|---|---|
| | Civilian/Other refused to complete this 5-1C |

| Employee/Witness Printed Name | | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

| Employee/Witness Printed Name | | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

Proprietary Information – Not For Distribution – Copyrighted - Property of CCA

# ATTACHMENT 2
# To Declaration of Warden K. Kline


**Central Arizona Florence Correctional Complex**

**MEMORANDUM**

**TO:** John Turscak 900A/102

**FROM:** M. Rolfsmeier, Executive Assistant

**DATE:**

**SUBJECT:** Laptop/Discovery

---

Pursuant to a court order CoreCivic is providing you with electronic discovery in a thumb drive format and access to a laptop in which to view said discovery. From this point forth you are responsible for the laptop issued to you. You may NOT tamper with, deface, alter, tag, or in any way change the issued laptop. This not only includes physical damage/alterations but also changes to software or programs. From time-to-time CoreCivic staff will inspect the laptops hardware and software to ensure it is in the same condition in which it was issued. Any violation can result in loss of access, restitution, and disciplinary action. All of which will be assessed on a case-by-case basis.

_____    2-3-25
Detainee Signature                        Date

_____    2-3-25
Witness Signature                          Date